UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| GIBSON McMILLAN, personal )<br>representative of the Estate of )<br>Andrew J. McMillan, )<br>   )<br>    Plaintiff )<br>   )<br>   v.   ) <br>   )<br>COLLEGE PRO PAINTERS (U.S.), LTD, )<br>   )<br>    Defendant. ) | Civil No. 04-211-P-C |

**ORDER ON PLAINTIFF'S MOTION TO AMEND**
**(DOCKET NO. 25)**

Andrew J. McMillan died while working on a painting crew that was operating under the College Pro Painters name in Topsham. The individual in charge of the crew, William Karz, was a College Pro Painters franchisee. In his original complaint, Gibson McMillan, as representative of Andrew McMillan's Estate, asserted claims against College Pro Painters (U.S.) Ltd., the Maryland corporation, based on allegations that College Pro Painters, *inter alia*, breached affirmative duties owed to both McMillan and Karz to "provid[e] instruction and training as to the dangers and proper safety practices of exterior painting" and the "supervision of painters," thereby proximately causing Andrew's death. (Compl. ¶¶ 18-21, 23-27.) The original complaint, removed to this court from the Maine Superior Court on September 27, 2004, did not include a claim against Karz. On October 22, 2004, College Pro Painters moved to dismiss the action on the basis of the exclusivity and immunity provision of the Maine Workers' Compensation Act. In its motion to dismiss, College Pro Painters asserted that "[c]ontrary to the

pertinent allegations in the complaint, Andrew was employed by College Pro Painters, not its franchisee, William Karz." (Mot. to Dismiss, Docket No. 11, at 2.) The motion to dismiss was unsuccessful. In short, the court concluded that significant issues of material fact existed concerning the relationships among Andrew McMillan, Karz and College Pro Painters and that the impact of the exclusivity and immunity provision ought not be decided without the aid of discovery. (Order Granting Pl.'s Mot. to Strike Def.'s Mot. to Dismiss the Compl., Docket No. 16, at 5 n.2, 9; see also Order Granting Def.'s Mot. for Reconsideration of the Court's Order Granting Pl.'s Mot. to Strike and Aff'g Said Order to Strike, Docket No. 22.) Now Gibson McMillan has moved to amend his complaint to add Karz as a defendant. (Mot. to Amend Compl., Docket No. 25.) The amended complaint recites a negligence claim against Karz based on the following theories: failure to train, failure to comply with federal workplace regulations, and failure to provide safe premises and equipment. (Proposed Am. Compl., Docket No. 25, Ex. 1, ¶ 41.) College Pro Painters objects to the motion, arguing, *inter alia*, that the amendment would be futile because Karz is either an employer or a supervisor and, in either case, is immune to liability in tort pursuant to the exclusivity and immunity provision of the Maine Worker's Compensation Act. I grant the motion over College Pro Painters' objection.

## Discussion

After a responsive pleading has been served, a party may amend his complaint "only by leave of court or by written consent of the adverse party." Rule 15(a). Leave to amend "shall be freely given when justice so requires." Id. In Foman v. Davis, the Supreme Court instructed:

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his

>claim on the merits. In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be "freely given."

371 U.S. 178, 182 (1962). Pursuant to Rule 21: "Parties my be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just." College Pro Painters raises three points in opposition to the motion, which I take in turn.

**A.    Undue Delay**

College Pro Painters' first challenge to the motion is a non-starter. According to College Pro Painters, McMillan should have understood that there was a factual dispute concerning Karz's employment relationship with Andrew as of November 11, 2004, the day McMillan filed his opposition to College Pro Painters' motion to dismiss, and moved to amend at that time. From College Pro Painters' perspective, waiting until April 5, 2005, was inexcusable. (Def.'s Opp'n Mem., Docket No. 26, at 3-4.) The difficulty in this argument is that the court's scheduling order set April 11, 2005 as the deadline for amendment of pleadings. (Scheduling Order, Docket No. 24.) A motion to amend filed before the applicable deadline is presumptively timely. Dempsey v. Nat'l Enquirer, 702 F. Supp. 927, 929 (D. Me. 1988). Finally, there is no suggestion by College Pro Painters that McMillan's delay is the product of bad faith or a dilatory motive. According to McMillan, his failure to name Karz in the original complaint was due to his misapprehension—or assumption—that Karz was Andrew's employer and that College Pro Painters' only relationship to Andrew was in its role as Karz's franchisor. (Pl.'s Reply, Docket No. 27, at 1.) McMillan also reveals that he was awaiting certain initial

disclosures from College Pro Painters, which he received in late March, before filing the motion to amend.  (Id. at 2.)  These circumstances do not reflect undue delay.

**B.     Futility**

College Pro Painters next maintains that the proposed amendment is futile because Karz must have been either Andrew's employer or College Pro Painters' supervisor.  In either case, according to College Pro Painters, the exclusivity and immunity provision of the Workers' Compensation Act requires judgment against the proposed claim because College Pro Painters acquired worker's compensation insurance that extended coverage for any workplace injuries sustained by Andrew.  (Def.'s Opp'n Mem. at 5.)  In reply, McMillan states the following:

> If Andrew McMillan was employed by College Pro, there is no evidence that the franchise relationship between College Pro and Karz extends any immunity available under the Workers' Compensation Act to Karz.  The Workers' Compensation Act provides immunity only to supervisors who are also employees of the employer, not to third parties.  39-A M.R.S.A. § 104.  Finally, College Pro has not provided any evidence, either in its written submissions to this Court or in the documents produced to McMillan, that it complied with the requirements of Maine's Employee Leasing Companies Act, 32 M.R.S.A. §§ 14051 *et seq.*, such that it or Karz would be entitled to immunity under that statute.

(Pl.'s Reply at 3.)  I conclude that McMillan has the better of this argument.  College Pro Painters fails to provide any authority for the position that, assuming it was Andrew's employer, its acquisition of workers' compensation insurance would immunize one of its franchisees from liability on the kind of theories alleged.  The issue of fact surrounding the parties' relationship would appear to warrant not only an opportunity for discovery but also a more probing legal analysis than is currently set forth in the parties' papers.

4

**C.      Prejudice**

College Pro Painters' final argument is that the proposed amendment would unfairly prejudice its defense because a new scheduling order would be required to accommodate a new defendant and because discovery would be delayed.  (Def.'s Opp'n Mem. at 6.)  In its current incarnation the Scheduling Order sets June 27, 2005, as the discovery deadline and October 3, 2005, as the "ready for trial" date.  The delay associated with serving process upon Karz and affording him an opportunity to get "up to speed" are not so great at this stage as to cause appreciable prejudice to College Pro Painters.  As McMillan states:  "All the amendment will do is [] bring all of the relevant parties before the court."  (Pl.'s Reply at 4.)

## Conclusion

Plaintiff's motion to amend (Docket No. 25) is **GRANTED.**

## CERTIFICATE

Any objections to this Order shall be filed in accordance with Fed. R. Civ. P. 72.

*So Ordered.*

Dated April 26, 2005

/s/ Margaret J. Kravchuk
U.S. Magistrate Judge